UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DANIEL HOWARD LOYE,

    Petitioner,

v.

TOM ROY, Commissioner of Corrections,

    Respondent.

Civil No. 11-3715 (ADM/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.    BACKGROUND**

In 2007, a Minnesota state court jury found Petitioner guilty of multiple state criminal offenses involving criminal sexual assault, burglary, domestic assault, and possession of a controlled substance. He was sentenced to 168 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota. (See Petition, [Docket No. 1], p. (2).)

After Petitioner was convicted and sentenced, he filed a direct appeal, claiming (1) errors were made with regard to the admission and exclusion of certain evidence at trial,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

(2) prosecutorial misconduct, (3) insufficiency of the evidence, and (4) ineffective assistance of trial counsel. (Petition, p. (3), § 9.(d).) After considering and rejecting all of Petitioner's claims on the merits, the Minnesota Court of Appeals upheld Petitioner's conviction and sentence. State v. Loye, No. 08-1101 (Minn.App. 2009), 2009 WL 1684425 (unpublished opinion), [hereafter "Loye I"].) The Minnesota Supreme Court denied Petitioner's application for further review on August 26, 2009. Id.

While Petitioner's direct appeal was still pending, he filed a post-conviction motion in the trial court, seeking to have his conviction overturned because certain trial testimony allegedly was recanted. (Petition, p. (3), § 11(a)(3).) The trial court denied that post-conviction motion, and Petitioner then filed a second appeal. The Minnesota Court of Appeals again considered and rejected Petitioner's claims on the merits. Loye v. State, No. A09-248 (Minn.App. 2010), 2010 WL 934123 (unpublished opinion), [hereafter "Loye II"].[2]

In April 2010, Petitioner filed a second post-conviction motion in the trial court, which raised three new challenges to his conviction. First, Petitioner contended that the trial court judge erroneously allowed the prosecution to amend the criminal complaint near the conclusion of Petitioner's trial, and thereby deprived Petitioner of his constitutional right to present an alibi defense. Second, Petitioner contended that the trial court judge gave erroneous instructions to the jury. And third, Petitioner contended that he received ineffective assistance of counsel on his direct appeal – apparently because his appellate counsel failed to challenge the allegedly belated amendment to the criminal complaint. (Petition, p. (4), § 11(b)(3).) The trial court found that all of the claims raised in Petitioner's second post-conviction motion were procedurally defaulted, because those claims should

---

[2] Petitioner apparently did not seek further review in the Minnesota Supreme Court following the Court of Appeals' ruling in Loye II.

have been raised earlier. Thus, the trial court summarily dismissed Petitioner's second post-conviction motion, without reaching the merits of any of the claims presented in that motion. Petitioner then filed a third appeal.

The Minnesota Court of Appeals affirmed the trial court's summary dismissal of Petitioner's second post-conviction motion. The appellate court agreed that Petitioner's first two claims, (pertaining to the amendment of the complaint and the jury instructions), were procedurally defaulted, because Petitioner failed to raise those claims on direct appeal. The Court of Appeals further found that Petitioner's third claim, (ineffective assistance of appellate counsel), also was procedurally defaulted – not because Petitioner failed to raise that claim on direct appeal, but because he failed to raise the claim in his first post-conviction motion. Therefore, none of the claims raised in the second post-conviction motion was addressed on the merits in the Court of Appeals. Loye v. State of Minnesota, No. A10-929 (Minn.App. 2010) (Order Opinion dated November 30, 2010), [hereafter "Loye III"].[3] Petitioner filed an application for further review in the Minnesota Supreme Court, but that request was summarily denied on February 15, 2011.[4]

Petitioner filed his current federal habeas corpus petition on December 28, 2011. The petition lists two claims for relief, which are indistinguishable from the first and third claims presented in Petitioner's latest state post-conviction motion. Petitioner has summarized his two habeas claims as follows:

---

[3] The Court of Appeals' "Order Opinion" in Loye III is not available on Westlaw, but it is available on a website maintained by the Minnesota Judicial Branch – www.mncourts.gov/publicaccess. A copy of that opinion is attached to this Report and Recommendation.

[4] The Supreme Court's order is available on the website cited at n. 3, supra, and a copy of that order is attached to this Report and Recommendation.

>"Ground one: Fifth Amendment Constitutional right was violated when the complaint was amended.... The District Court allowed the complaint to be amended after the state rested it's [sic] case thus denying Plaintiff's right to due process and taking away Plaintiff's chosen alibi defense.
>
>Ground two: Petitioner's Fourteenth Amendment Right was violated when Appellate Counsels [sic] performance fell below the objective standard of reasonableness and prejudiced Petitioner.... Appellate counsel failed to adequately investigate trial records or appellate counsel would have brought forth meritorious claims on direct appeal, such as the amending of the complaint."

(Petition, p. (5), § 12.A. and 12.B.)

However, neither of Petitioner's current habeas corpus claims can be addressed on the merits here, because both of his claims were procedurally defaulted in the state courts. The Court will therefore recommend that this action be summarily dismissed.[5]

## II. DISCUSSION

"A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) cert. denied, 546 U.S. 828 (2005). When a state appellate court has expressly declined to address a particular claim on the merits pursuant to state procedural rules, the claim is "procedurally defaulted" for federal habeas corpus purposes. As the Eighth Circuit Court of Appeals explained in Hall v. Delo, 41 F.3d 1248, 1250 (8th Cir. 1994), "[a] federal claim has not been fairly presented to the state courts," and is therefore procedurally defaulted, "when the state court has declined to decide the federal claim on the merits

---

[5] The Court notes that Petitioner did not pay the $5.00 filing fee for this action. Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper filing fee, (or applied for leave to proceed in forma pauperis). However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed below, and addressing the fee issue would only delay the inevitable dismissal of this action.

4

because the petitioner violated a state procedural rule." See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("a federal court may usually only consider 'those claims which the petitioner has presented to the state courts in accordance with state procedural rules'"), quoting Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996); Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992) ("[o]rdinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state courts in accordance with state procedural rules").

A claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, the petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he must truly be innocent of the crime for which he was convicted. See Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir.) (successful demonstrations of actual innocence are "rare and limited," because the actual innocence exception is "permitted only for 'truly persuasive demonstrations of actual innocence,' based on reliable new evidence which shows 'it is more likely than not that no reasonable juror would have convicted [the

petitioner] in light of the new evidence'"), cert. denied, 546 U.S. 844 (2005) (citations omitted).[6]

The rules governing procedural default have been summarized by the United States Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

Coleman, 501 U.S. at 750.

In this case, the Minnesota Court of Appeals summarily rejected both of Petitioner's current habeas corpus, (improper amendment of criminal complaint, and ineffective assistance of appellate counsel), because Petitioner failed to raise those claims in accordance with applicable state procedural rules. More specifically, Petitioner's claims were found to be procedurally defaulted, because he did not raise them when he first had

---

[6] The Eighth Circuit has further explained that –

"The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence."

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

the opportunity to do so.  Petitioner's first claim, (that the criminal complaint was improperly amended), should have been raised on direct appeal, and his second claim, (that he was denied effective assistance of counsel on direct appeal), should have been raised in the first post-conviction motion.  Because Petitioner failed to raise either of his claims when he should have, the Minnesota Court of Appeals concluded (in Loye III) that both of those claims were procedurally defaulted.

The state procedural rule that was applied in Loye III is known as "the Knaffla rule," established by the Minnesota Supreme Court's decision in State v. Knaffla, 243 N.W.2d 737 (Minn. 1976).  The Knaffla rule requires that "once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'" McCall, 114 F.3d at 757, citing Knaffla, 243 N.W.2d at 741.  The Knaffla rule is applicable not only to claims that should have been raised on direct appeal, but also to claims that should have been raised in prior post-conviction proceedings.  See Powers v. State, 731 N.W.2d 499, 501 (Minn. 2007) ("matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief"), citing Spears v. State, 725 N.W.2d 696, 700 (Minn. 2006), cert. denied, 551 U.S. 1137 (2007).  The Knaffla rule has been in effect in Minnesota for more than 35 years, and it has been applied in a myriad of cases.[7]

It is readily apparent that the claims Petitioner attempted to bring in his second post-conviction motion were previously known to him, and could have been raised in his previous appeals.  Petitioner's claim regarding the amended criminal complaint arose

---

[7] A Westlaw search indicates that Knaffla has been cited nearly 1000 times during the past 35 years.

before the end of his trial, and could have been raised on direct appeal. His claim of ineffective assistance of appellate counsel was fully knowable while his direct appeal was pending, and that claim could have been raised during the first post-conviction proceedings. Thus, it is not surprising that the trial court rejected Petitioner's second set of post-conviction claims pursuant to the Knaffla rule, and it is equally unsurprising that the Minnesota Court of Appeals summarily dismissed Petitioner's subsequent appeal based on Knaffla. (See Loye III, attached.)

In sum, the Minnesota state courts refused to consider either of Petitioner's two current habeas corpus claims when he tried to raise those claims in a second post-conviction motion. The state courts, (both the trial court and the Court of Appeals), found those claims to be procedurally defaulted based on Minnesota's well established Knaffla rule. Because Petitioner's habeas claims were rejected by the state courts pursuant to a well established state procedural rule, those claims are procedurally defaulted for federal habeas purposes.[8]

---

[8] Petitioner may believe that the state courts somehow misapplied the Knaffla rule, but that is not an argument that could be raised and considered here, because this Court cannot review and overturn a state court's application of a state procedural rule. It is well settled that "[a] federal court may not re-examine a state court's interpretation and application of state law." Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). See also Murray v. Hvass, 269 F.3d 896, 899 (8th Cir. 2001) ("it is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law"), cert. denied, 535 U.S. 935 (2002); May v. Iowa, 251 F.3d 713, 716 (8th Cir. 2001) ("[w]e may not disturb a state court decision interpreting state law on habeas review... and thus we reject [the petitioner's] contention that he did not default his three ineffective assistance of counsel claims"); Clemons, 381 F.3d at 751 ("federal courts do not look at whether state courts have correctly applied their own procedural rules[;] [t]hey simply determine whether those procedural rules were applied to bar the claim").

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. In order to satisfy the "cause" requirement, a prisoner must show that some <u>external impediment</u> prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner. <u>Coleman</u>, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something <u>external</u> to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)) (emphasis in the original).

Petitioner has not suggested any reason to excuse his procedural default, and the Court cannot discern any grounds that could possibly satisfy the <u>Coleman</u> "cause" requirement. Further, nothing in the record suggests that Petitioner's failure to comply with Minnesota's <u>Knaffla</u> rule was the result of any "external impediment."[9]

---

[9] The Court notes that Petitioner could not rely on ineffective assistance of appellate counsel to excuse his procedural default of his claim pertaining to the amendment of the criminal complaint, because his ineffective assistance claim was not properly raised in the state courts. See <u>Edwards v. Carpenter</u>, 529 U.S. 446, 452 (2000) ("'a claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (quoting <u>Murray v. Carrier</u>, 477 U.S. at 489). <u>See</u> also <u>Wyldes v. Hundley</u>, 69 F.2d 247, 253 (8th Cir. 1995) ("[t]he Supreme Court has stated, and we, naturally, have insisted, that 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (citation omitted), <u>cert</u>. <u>denied</u>, 517 U.S. 1172 (1996). Because Petitioner's claim of ineffective assistance of appellate counsel was itself procedurally defaulted, that claim cannot serve as "cause" to excuse Petitioner's procedural default of his other claim regarding the amendment to the criminal complaint. See <u>Taylor v. McKee</u>, 649 F.3d 446, 451 (6th Cir. 2011) ("[t]he Supreme Court has 'clearly expressed the view that a habeas petitioner must satisfy the 'cause and prejudice' standard before his procedurally defaulted ineffective-assistance claim will excuse the default of another claim'") (quoting <u>Edwards</u>, 529 U.S. at 452, n. 3, citing <u>Stewart v. LaGrand</u>, 526 U.S. 115, 120 (1999)); <u>Landrum v. Mitchell</u>, 625 F.3d 905, 934 (6th Cir. 2010) ("a claim of ineffective assistance of appellate counsel may excuse a procedural default so long as this claim is not itself procedurally defaulted"), <u>cert</u>. <u>denied</u>, 132 S.Ct. 127 (2011).

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).

Finally, Petitioner does not qualify for the "actual innocence" exception, because he has not presented any new evidence proving that he did not commit the crimes for which he was convicted. Both of Petitioner's current claims for relief involve alleged legal errors at his trial, or on appeal, which purportedly deprived him of certain benefits guaranteed by the Constitution. Petitioner has offered no new and previously undiscoverable evidence that proves he is, in fact, actually innocent. Therefore, Petitioner cannot overcome his procedural default by way of the actual innocence exception.

Because Petitioner's procedural default cannot be excused based on either cause and prejudice, or new proof of actual innocence, the Court concludes that neither of Petitioner's current habeas corpus claims can be entertained here. The Court will therefore recommend that this case be summarily dismissed, with prejudice, because of Petitioner's procedural default.

### III.   CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds it extremely unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, (and the Court cannot independently discern), anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. This action be DISMISSED WITH PREJUDICE; and

3. Petitioner should NOT be granted a Certificate of Appealability.

Dated: January 12, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 27, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.