UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Howard Loye,

        Petitioner,

**ORDER**
v.                                                                     Civil No.  11-3715 ADM/JSM

Tom Roy, Commissioner of Corrections,

        Respondent.

_____

Daniel Howard Loye, pro se.

Matthew Frank, Esq., and Kimberly R. Parker, Esq., Minnesota Attorney General's Office, St. Paul, MN, for Respondent.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner Daniel Howard Loye's ("Loye") Objection [Docket No. 6] ("Objection") to Magistrate Judge Janie Mayeron's January 12, 2012 Report and Recommendation [Docket No. 5] ("R&R"). Judge Mayeron's R&R recommends dismissing Loye's Petition for Writ of Habeas Corpus [Docket No. 1] ("Petition") with prejudice, and not granting a Certificate of Appealability. Based on a de novo review of the record, Loye's Objection is overruled and the R&R is adopted.

## II.  BACKGROUND

In 2007, a Minnesota state court jury found Loye guilty of multiple offenses including criminal sexual assault, burglary, domestic assault, and possession of a controlled substance. Loye was sentenced to 168 months. See Petition [Docket No. 1] 2.

Loye filed a direct appeal of his conviction, alleging prosecutorial misconduct, ineffective

assistance of counsel, as well as errors regarding the exclusion and admission and sufficiency of the evidence.  Petition 3 § 9(d); <u>State v. Loye</u>, No. 08-1101, 2009 WL 1684425, at *1 (Minn. Ct. App. June 16, 2009).  The Minnesota Court of Appeals rejected all of Loye's claims on the merits and upheld his conviction.  <u>Id.</u>  On August 26, 2009, Loye's application for further review was denied by the Minnesota Supreme Court.  Petition 3 § 9(d).

While his direct appeal was still pending, Loye filed a post-conviction motion in the trial court, seeking to have his conviction overturned based on allegedly recanted trial testimony. Petition 3 § 11(a)(3).  Loye's post-conviction motion was denied, and Loye then filed a second unsuccessful appeal with the Minnesota Court of Appeals, which again considered and rejected his claims on the merits.  <u>Loye v. State</u>, No. A09-248, 2010 WL 934123  (Minn. Ct. App. Mar. 16, 2010).

In April 2010, Loye filed a second post-conviction motion in the state trial court, raising three new challenges to his conviction.  R&R 2.  The trial court found that all Loye's claims were procedurally defaulted, because each of the claims should have been raised earlier.  <u>Id.</u>  Again, the trial court summarily dismissed Loye's second post-conviction motion.  <u>Id.</u>

Loye then filed a third appeal.  The Minnesota Court of Appeals affirmed the trial court's summary dismissal of Loye's second post-conviction motion, finding that Loye's claims were procedurally defaulted because he had failed to raise those claims either on direct appeal or in his first petition for post-conviction relief.  <u>Loye v. State of Minnesota</u>, No. A10-929 (Minn. Ct. App. Nov. 30, 2010).  Loye's application for further review in the Minnesota Supreme Court was denied on February 15, 2011.

Loye filed his current federal habeas corpus petition on December 28, 2011.  The petition

raises two claims for relief, which are indistinguishable from the first and third claims presented in Loye's latest state post-conviction motion. On January 12, 2012, Judge Mayeron issued an R&R, and on January 27, 2012, Loye filed his Objection.

### III. DISCUSSION

After a de novo review, the Court adopts Judge Mayeron's R&R. Loye's habeas corpus petition is denied because both of his claims were procedurally defaulted in the state courts.

"A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004), cert. denied, 546 U.S. 828 (2005). When a state appellate court has expressly declined to address a particular claim on the merits pursuant to state procedural rules, the claim is "procedurally defaulted" for federal habeas corpus purposes.

A claim procedurally defaulted in state courts will not be entertained in a federal habeas corpus proceeding unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Neither exception applies here. The claims Loye attempted to bring in his second post-conviction motion were previously known to him and could have been raised in his previous appeals. Furthermore, Loye has not suggested any reason to excuse his procedural default, nor has he presented any new evidence proving he did not commit the crimes for which he was convicted. Accordingly, because Loye has failed to demonstrate any of the Coleman factors and has failed to produce any new evidence supporting actual innocence, Loye's claims are procedurally defaulted.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000). Loye has failed to meet this burden as he has not identified anything wrong or debatable that warrants appellate review. Therefore, this Court will not grant a COA.

## IV.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Loye's Objection [Docket No. 6] is **OVERRULED**;

2. Magistrate Judge Mayeron's R&R [Docket No. 5] is **ADOPTED**;

3. Loye's Petition [Docket No. 1] is **DISMISSED with prejudice**;

4. Loye is **NOT** granted a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated: February 10, 2012.